| | |
|---|---|
| **JANE DOE, R.B.,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**ASHEVILLE ACADEMY FOR GIRLS, LLC, TRAILS CAROLINA, LLC, WILDERNESS TRAINING & CONSULTING, LLC, FAMILY HELP & WELLNESS, WTC HOLDCO, LLC, WTCSL, LLC and UNNAMED ENTITIES 1-10,**<br><br>　　　　**Defendants,**<br>**and**<br><br><br>**TRAILS CAROLINA, LLC,**<br><br>　　　　**Third-Party Plaintiff,**<br><br>v.<br><br><br>**GUY D. BURNEY AND KAREN STOUDENMIRE BURNEY.**<br><br>　　　　**Third-Party Defendants.** | **Case No.: 1:25-CV-00187**<br><br><br><br>**DEFENDANTS ASHEVILLE ACADEMY FOR GIRLS, LLC, TRAILS CAROLINA, LLC, WILDERNESS TRAINING & CONSULTING, LLC, FAMILY HELP & WELLNESS, WTC HOLDCO, LLC, WTCSL, LLC'S ANSWER, MOTION TO DISMISS, AND *AMENDED/CORRECTED* THIRD-PARTY COMPLAINT** |

**NOW COME** Defendants Asheville Academy For Girls, LLC, Trails Carolina, LLC, Wilderness Training & Consulting, LLC, Family Help & Wellness, WTC Holdco, LLC, and WTCSL, LLC (hereinafter collectively "Defendants"), and answer the Complaint of Rebecca Burney (hereinafter "Plaintiff") as follows:

### FIRST DEFENSE AND MOTION TO DISMISS

Defendants move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of any claims by Plaintiff for alleged medical expenses incurred prior to Plaintiff reaching the age of majority, inasmuch as such claims for medical expenses during

1

minority would be vested in the parents, guardians, or other individual(s) financially responsible for such expenses at such time under North Carolina law. *See, e.g.* <u>Vaughan v. Moore</u>, 89 N.C. App. 566, 567 366 S.E.2d 518, 520 (1988).

## SECOND DEFENSE AND MOTION TO DISMISS

Defendants move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of all claims due to Plaintiff's failure to adequately satisfy Rule 9(j) of the North Carolina Rules of Civil Procedure.

## THIRD DEFENSE AND MOTION TO DISMISS

Defendants move this Court, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, to dismiss this action for improper venue or, in the alternative, to transfer it to North Carolina State Court in Transylvania County in accordance with the parties' forum selection clause. This lawsuit should not proceed in this Court because the parties' binding agreement contains a mandatory forum selection clause requiring that all disputes be litigated exclusively in Transylvania County, North Carolina.

## ANSWER AND FOURTH DEFENSE

These answering Defendants deny all allegations contained in the introduction paragraph above paragraph 1 of the complaint.

1.      These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 1 and, as such, deny the same.

2.      The allegations contained in Paragraph 2 are denied.

3.      With regard to the allegations contained in Paragraph 3, it is admitted that Trails Carolina, LLC was a for-profit wilderness therapy program for adolescents. Trails Carolina was a

2

limited liability company formed in North Carolina, which closed in 2024, with a principal office at 500 Winding Gap Road, Lake Toxaway and mailing address of 530 Center Street NE, Suite 700, Salem, OR 97301. It is further admitted that Wilderness Training & Consulting, LLC is the sole member-manager of Trails Carolina, LLC. Except where explicitly admitted, denied.

4.      With regard to the allegations contained in Paragraph 4, it is admitted that Trails Academy is a limited liability company formed in North Carolina in 2014. Trails Academy's principal office address is 90 Church Street, Asheville, NC and its mailing address is 530 Center Street NE, Suit 700, Salem, OR 97301. It is further admitted that Wilderness Training & Consulting, LLC is a member-manager of Trails Academy. Except where explicitly admitted, denied.

5.      With regard to the allegations contained in Paragraph 5, it is admitted that Asheville Academy for Girls, LLC ("AAG") was a for-profit residential mental health facility for girls ages 10-18 until its closure in June of 2025. AAG was a limited liability company with its principal office at 530 Upper Flat Creek Road, Weaverville, NC and mailing address at 530 Center Street NE Suite 700, Salem, OR 97301. Wilderness Training & Consulting, LLC is the sole member-manager of AAG. Except where explicitly admitted, denied.

6.      The allegations contained in Paragraph 6 are denied.

7.      With regard to the allegations contained in Paragraph 7, it is admitted that Wilderness Training & Consulting, LLC is a limited liability company with its primary place of business at 530 Center Street NE, Suite 700, Salem, OR 97301. Except where explicitly admitted, denied.

8.      With regard to the allegations contained in Paragraph 8, it is admitted that WTC Holdco, LLC is an Oregon limited liability company with its principal office at 530 Center Street NE, Suite 700, Salem, OR 97301. Except where explicitly admitted, denied.

3

9.      With regard to the allegations contained in Paragraph 9, it is admitted that WTCSL, LLC is an Oregon limited liability company with a principal office at 530 Center Street NE, Suite 700, Salem, OR 97301. Except where explicitly admitted, denied.

10.      With regard to the Paragraph 10, it is admitted that WTCSL, LLC has the following members (parentheses denote citizenship): Cat Jennings (NC); Dilly Bean LLC (member: Bryan Tomes (NC)); FNS Group, LLC (member: Dan Stuart (UT)); Graham Shannonhouse (NC); Hayden Dupell (OR); Ikaika Holdings LLC (member: Keoni Anderson (UT)); Jen Wilde Consulting PLLC (member: Jennifer Wilde (UT)); Jesse Long (OR); John Gordon (NC); Jon Worbets (ID); Kathryn Huffman (NC); Kathy Rex (ID); Kirsten Morgan (OR); Laura Burt (UT); Mahalo Nui, LLC (member: Judith Jacques (UT)); Mary S. Pierce (NC); Matt Roy (OR); Randi Nelson (UT); Rebecca Gebb (NC); Reid Treadaway (ID); Scott Hess (UT); SEJC Holdings, LLC (member: Kyle Gillett (NC)); Shayne Gallagher (UT); Sheri Gallagher (UT); Simpson Holdings, L.C. (members: Jeff and Becky Simpson (AZ)); Steven Stradley (OR); White Mountain Consulting LLC (member: Josh White (AZ)); and WTC Holdco, LLC. It is further admitted, WTC Holdco, LLC is a limited liability corporation organized and existing under the laws of the State of Oregon. WTC Holdco, LLS has the following members: Wayne Laird (OR); JLC Family, LLC (member: Johnny Deblock (WA)); Opal Creek Capital, LLC (member: Tim Dupell (OR)); PGO, LLC (member: Sue Crowell (NC)); and FHW/THP Blocker, Inc. (TX private equity firm). Except where explicitly admitted, denied.

11.      These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 11 and, as such, deny the same.

12.     The allegations contained in Paragraph 12 state legal conclusions to which no response is required. To the extent a response is required, denied.

13.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 13 and, as such, deny the same.

14.     The allegations contained in Paragraph 14 state legal conclusions to which no response is required. To the extent a response is required, denied.

15.     The allegations contained in Paragraph 15 state legal conclusions to which no response is required. To the extent a response is required, denied.

16.     The allegations contained in Paragraph 16 state legal conclusions to which no response is required. To the extent a response is required, denied.

17.     The allegations contained in Paragraph 17 state legal conclusions to which no response is required. To the extent a response is required, denied.

18.     The allegations contained in Paragraph 18 state legal conclusions to which no response is required. To the extent a response is required, denied.

19.     The allegations contained in Paragraph 19 state legal conclusions to which no response is required. To the extent a response is required, denied.

20.     The allegations contained in Paragraph 20 state legal conclusions to which no response is required. To the extent a response is required, denied.

21.     The allegations contained in Paragraph 21 state legal conclusions to which no response is required. To the extent a response is required, denied.

22.     The allegations contained in Paragraph 22 state legal conclusions to which no response is required. To the extent a response is required, denied.

23.	The allegations contained in Paragraph 23 state legal conclusions to which no response is required. To the extent a response is required, denied.

24.	These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 24 and, as such, deny the same.

25.	The allegations contained in Paragraph 25 are denied.

The allegations in the heading above Paragraph 26 are denied.

26.	The allegations contained in Paragraph 26 are denied.

27.	The allegations contained in Paragraph 27 are denied.

28.	The allegations contained in Paragraph 28 are denied.

29.	The allegations contained in Paragraph 29 are denied.

30.	The allegations contained in Paragraph 30 are denied.

31.	These answering Defendants are without sufficient understanding, knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 31 and, as such, deny the same.

32.	The allegations contained in Paragraph 32 are denied.

33.	With regard to the allegations contained in Paragraph 33, these answering Defendants admit that they maintained an online website, which said what it said. Except as explicitly admitted, denied.

34.	With regard to the allegations contained in Paragraph 34, these answering Defendants admit that they maintained an online website, which said what it said. Except as explicitly admitted, denied.

6

35. With regard to the allegations contained in Paragraph 35, these answering Defendants admit that they maintained an online website, which said what it said. Except as explicitly admitted, denied.

36. The allegations contained in Paragraph 36 are denied.

37. With regard to the allegations contained in Paragraph 37, these answering Defendants admit that they maintained an online website, which said what it said. Except as explicitly admitted, denied.

38. With regard to the allegations contained in Paragraph 38, these answering Defendants admit that they maintained an online website, which said what it said. Except as explicitly admitted, denied.

39. The allegations contained in Paragraph 39 are denied.

40. The allegations contained in Paragraph 40 are denied.

41. The allegations contained in Paragraph 41 are denied.

42. The allegations contained in Paragraph 42 are denied.

43. The allegations contained in Paragraph 43 are denied.

44. The allegations contained in Paragraph 44 are denied.

45. The allegations contained in Paragraph 45 are denied.

46. The allegations contained in Paragraph 46 are denied.

47. The allegations contained in Paragraph 47, including each and every subpart, are denied.

48. The allegations contained in Paragraph 48 are denied.

49. The allegations contained in Paragraph 49 are denied.

50. The allegations contained in Paragraph 50 are denied.

7

The allegations in the heading above Paragraph 51 are denied.

51.     The allegations contained in Paragraph 51 are denied.

52.     With regard to the allegations contained in Paragraph 52, these answering Defendant admit that they maintained an online website, which said what it said. Except as explicitly admitted, denied.

53.     With regard to the allegations contained in Paragraph 53, these answering Defendant admit that they maintained an online website, which said what it said. Except as explicitly admitted, denied.

54.     With regard to the allegations contained in Paragraph 54, these answering Defendant admit that they maintained an online website, which said what it said. Except as explicitly admitted, denied.

55.     With regard to the allegations contained in Paragraph 55, these answering Defendant admit that they maintained an online website, which said what it said. Except as explicitly admitted, denied.

56.     With regard to the allegations contained in Paragraph 56, these answering Defendant admit that they maintained an online website, which said what it said. Except as explicitly admitted, denied.

57.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 57 and, as such, deny the same.

58.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 58 and, as such, deny the same.

59.     The allegations contained in Paragraph 59 are denied.

60.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 60 and, as such, deny the same.

61.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 61 and, as such, deny the same.

62.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 62 and, as such, deny the same.

63.     With regard to the allegations contained in Paragraph 63, these answering Defendant admit that they maintained an online website, which said what it said. Except as explicitly admitted, denied.

64.      These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 64 and, as such, deny the same.

65.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 65 and, as such, deny the same.

66.     With regard to the allegations contained in Paragraph 66, it is admitted that the NCDHHS surveys say what they say. Except where explicitly admitted, denied.

67.     The allegations contained in Paragraph 67 are denied.

9

68.     Defendants object to the allegations contained in Paragraph 68 of the Complaint on the grounds that they are irrelevant, immaterial, and not pertinent to the subject matter of the instant action. Further, Defendants are unable to admit or deny the allegations to the extent they involve or reference protected health information of third parties who are not parties to this litigation, and for whom no valid authorization or court order has been obtained, pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its implementing regulations. Subject to and without waiving the foregoing objections, Defendants state that it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 68 and therefore denies the same.

69.     With regard to the allegations contained in Paragraph 69, it is admitted that the NCDHHS surveys and investigations say what they say. Except where explicitly admitted, denied.

70.     The allegations contained in Paragraph 70 are denied.

71.     Defendants object to the allegations contained in Paragraph 70 of the Complaint on the grounds that they are irrelevant, immaterial, and not pertinent to the subject matter of the instant action. Further, Defendants are unable to admit or deny the allegations to the extent they involve or reference protected health information of third parties who are not parties to this litigation, and for whom no valid authorization or court order has been obtained, pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its implementing regulations. Subject to and without waiving the foregoing objections, Defendants state that it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 71 and therefore denies the same.

72.     The allegations contained in Paragraph 72 are denied.

73.     With regard to the allegations contained in Paragraph 73, it is admitted that AAG voluntarily closed on June 3, 2025. Except where explicitly admitted, denied.

74.      These answering Defendants are without sufficient understanding, knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 74 and, as such, deny the same.

75.     The allegations contained in Paragraph 75 are denied.

76.     With regard to the allegations contained in Paragraph 76, these answering Defendants deny all allegations of abuse and neglect and as such deny said Paragraph.

77.     With regard to the allegations contained in Paragraph 77, these answering Defendants deny all allegations of abuse and neglect and as such deny said Paragraph.

The allegations contained in the heading above paragraph 78 are denied,

78.     The allegations contained in Paragraph 78 are denied.

79.     With regard to the allegations contained in Paragraph 79, these answering Defendant admit that they maintained an online website, which said what it said. Except as explicitly admitted, denied.

80.     With regard to the allegations contained in Paragraph 80, these answering Defendant admit that they maintained an online website, which said what it said. Except as explicitly admitted, denied.

81.     With regard to the allegations contained in Paragraph 81, these answering Defendant admit that they maintained an online website, which said what it said. Except as explicitly admitted, denied.

11

82.    With regard to the allegations contained in Paragraph 82, these answering Defendant admit that they maintained an online website, which said what it said. Except as explicitly admitted, denied.

83.    With regard to the allegations contained in Paragraph 83, these answering Defendant admit that they maintained an online website, which said what it said. Except as explicitly admitted, denied.

84.    With regard to the allegations contained in Paragraph 84, these answering Defendant admit that they maintained an online website, which said what it said. Except as explicitly admitted, denied.

85.    With regard to the allegations contained in Paragraph 85, these answering Defendant admit that they maintained an online website, which said what it said. Except as explicitly admitted, denied.

86.    The allegations contained in Paragraph 86 are denied.

87.    Defendants object to the allegations contained in Paragraph 87 of the Complaint on the grounds that they are irrelevant, immaterial, and not pertinent to the subject matter of the instant action. Further, Defendants are unable to admit or deny the allegations to the extent they involve or reference protected health information of third parties who are not parties to this litigation, and for whom no valid authorization or court order has been obtained, pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its implementing regulations. Subject to and without waiving the foregoing objections, Defendants state that it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 68 and therefore denies the same.

88.     These answering Defendants are without sufficient understanding, knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 88 and, as such, deny the same.

89.     These answering Defendants are without sufficient understanding, knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 89 and, as such, deny the same.

90.     These answering Defendants are without sufficient understanding, knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 90 and, as such, deny the same.

91.     These answering Defendants are without sufficient understanding, knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 91 and, as such, deny the same.

92.     These answering Defendants are without sufficient understanding, knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 92 and, as such, deny the same.

93.     The allegations contained in Paragraph 93 are denied.

94.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 94 and, as such, deny the same.

95.      These answering Defendants are without sufficient understanding, knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 95 and, as such, deny the same.

96. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 96 and, as such, deny the same.

97. The allegations contained in Paragraph 97 are denied.

98. With regard to the allegations contained in Paragraph 98, it is admitted that the NCDHHS citations say what they say. Except where explicitly admitted, denied.

99. The allegations contained in Paragraph 99 are denied.

100. Defendants object to the allegations contained in Paragraph 100 of the Complaint on the grounds that they are irrelevant, immaterial, and not pertinent to the subject matter of the instant action. Further, Defendants are unable to admit or deny the allegations to the extent they involve or reference protected health information of third parties who are not parties to this litigation, and for whom no valid authorization or court order has been obtained, pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its implementing regulations. Subject to and without waiving the foregoing objections, Defendants state that it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 100 and therefore denies the same.

101. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 101 and, as such, deny the same.

102. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 102 and, as such, deny the same.

103.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 103 and, as such, deny the same.

104.     With regard to the allegations contained in Paragraph 104, it is admitted that Trails Carolina release a statement and the statement says what it says. Except where explicitly admitted, denied.

105.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 105 and, as such, deny the same.

106.     The allegations contained in Paragraph 106 are admitted.

107.     The allegations contained in Paragraph 107 are denied.

108.     The allegations contained in Paragraph 108 are denied.

109.     With regard to the allegations contained in Paragraph 109, these answering Defendants deny all allegations of any wrongdoing on their behalf.

The allegations in heading above Paragraph 110 are denied.

110.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 110 and, as such, deny the same.

111.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 111 and, as such, deny the same.

112.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 112 and, as such, deny the same.

113.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 113 and, as such, deny the same.

114.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 114 and, as such, deny the same.

115.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 115 and, as such, deny the same.

116.     The allegations contained in Paragraph 116 are denied.

The allegations contained in the heading above Paragraph 117 are denied.

117.     The allegations contained in Paragraph 117 are denied.

118.     The allegations contained in Paragraph 118 are denied.

119.     The allegations contained in Paragraph 119 are denied.

120.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 120 and, as such, deny the same.

121.     The allegations contained in Paragraph 121 are denied.

122.     The allegations contained in Paragraph 122 are denied.

123.     The allegations contained in Paragraph 123 are denied.

124.     The allegations contained in Paragraph 124 are denied.

125.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 125 and, as such, deny the same.

126.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 126 and, as such, deny the same.

127.     The allegations contained in Paragraph 127 are denied.

128.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 128 and, as such, deny the same.

129.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 129 and, as such, deny the same.

130.     The allegations contained in Paragraph 130 are denied.

131.     The allegations contained in Paragraph 131 are denied.

132.     The allegations contained in Paragraph 132 are denied.

133.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 133 and, as such, deny the same.

134.     The allegations contained in Paragraph 134 are denied.

135. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 135 and, as such, deny the same.

136. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 136 and, as such, deny the same.

137. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 137 and, as such, deny the same.

138. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 138 and, as such, deny the same.

139. The allegations contained in Paragraph 139 are denied as alleged.

140. The allegations contained in Paragraph 140 are denied as alleged.

141. The allegations contained in Paragraph 141 are denied.

142. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 142 and, as such, deny the same.

143. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 143 and, as such, deny the same.

144.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 144 and, as such, deny the same.

The allegations in the heading above Paragraph 145 are denied.

145.     The allegations contained in Paragraph 145 are denied.

146.     The allegations contained in Paragraph 146 are denied.

147.     The allegations contained in Paragraph 147 are denied.

148.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 148 and, as such, deny the same.

149.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 149 and, as such, deny the same.

150.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 150 and, as such, deny the same.

151.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 151 and, as such, deny the same.

152.     The allegations contained in Paragraph 152 are denied.

153.     These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 153 and, as such, deny the same.

154. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 154 and, as such, deny the same.

155. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 155 and, as such, deny the same.

156. The allegations contained in Paragraph 156 are denied.

157. The allegations contained in Paragraph 157 are denied.

158. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 158 and, as such, deny the same.

159. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 159 and, as such, deny the same.

160. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 160 and, as such, deny the same.

161. The allegations contained in Paragraph 161 are denied.

162. With regard to the allegations contained in Paragraph 162, these answering Defendants deny that R.B. performed forced labor.

163. With regard to the allegations contained in Paragraph 163, these answering Defendants deny that R.B. performed forced labor.

164. The allegations contained in Paragraph 164 are denied.

The allegations in the heading above Paragraph 165 are denied.

165.    The allegations contained in Paragraph 165 are denied.

166.    The allegations contained in Paragraph 166 are denied.

167.    The allegations contained in Paragraph 167 are denied.

168.    The allegations contained in Paragraph 168 are denied.

169.    These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 169 and, as such, deny the same.

170.    These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 170 and, as such, deny the same.

171.    The allegations contained in Paragraph 171 are denied.

172.    These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 172 and, as such, deny the same.

173.    These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 173 and, as such, deny the same.

174.    These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 174 and, as such, deny the same.

175.    These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 175 and, as such, deny the same.

176.    These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 176 and, as such, deny the same.

177.    These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 177 and, as such, deny the same.

178.    These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 178 and, as such, deny the same.

179.    These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 179 and, as such, deny the same.

180.    These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 180 and, as such, deny the same.

181.    The allegations contained in Paragraph 181 are denied.

182.    The allegations contained in Paragraph 182 are denied.

183.    The allegations contained in Paragraph 183 are denied.

184.    With regard to Paragraph 184, these answering Defendants incorporate herein by reference their responses to all previous allegations made in this Complaint.

185. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 185 and, as such, deny the same.

186. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 186 and, as such, deny the same.

187. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 187 and, as such, deny the same.

188. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 188 and, as such, deny the same.

189. With regard to the allegations contained in Paragraph 189, it is admitted that R.B. was a minor during her enrollment at AAG and Trails Carolina. Except where explicitly admitted, denied.

190. The allegations contained in Paragraph 190 state legal conclusions to which no response is required. To the extent a response is required, denied.

191. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 191 and, as such, deny the same.

192. The allegations contained in Paragraph 192 state legal conclusions to which no response is required. To the extent a response is required, denied.

193.     The allegations contained in Paragraph 193 state legal conclusions to which no response is required. To the extent a response is required, denied.

194.     The allegations contained in Paragraph 194 state legal conclusions to which no response is required. To the extent a response is required, denied.

195.     The allegations contained in Paragraph 195, including each and every subpart, are denied

196.      The allegations contained in Paragraph 196 are denied.

197.     The allegations contained in Paragraph 197 are denied.

198.     The allegations contained in Paragraph 198 are denied.

199.     The allegations contained in Paragraph 199 are denied.

200.     The allegations contained in Paragraph 200 are denied.

201.     With regard to Paragraph 201, these answering Defendants incorporate herein by reference their responses to all previous allegations made in this Complaint.

202.     The allegations contained in Paragraph 202 are denied.

203.     The allegations contained in Paragraph 203 are denied.

204.     The allegations contained in Paragraph 204 are denied.

205.     The allegations contained in Paragraph 205 are denied.

206.     The allegations contained in Paragraph 206 are denied.

207.     The allegations contained in Paragraph 207 are denied.

208.     The allegations contained in Paragraph 208 are denied.

209.     With regard to Paragraph 209, these answering Defendants incorporate herein by reference their responses to all previous allegations made in this Complaint.

210.    The allegations contained in Paragraph 210 state legal conclusions to which no response is required. To the extent a response is required, denied.

211.    The allegations contained in Paragraph 211 are denied.

212.    The allegations contained in Paragraph 212 state legal conclusions to which no response is required. To the extent a response is required, denied.

213.    The allegations contained in Paragraph 213, including each and every subpart, are denied.

214.    The allegations contained in Paragraph 214 are denied.

215.    The allegations contained in Paragraph 215 are denied.

216.    The allegations contained in Paragraph 216 are denied.

217.    The allegations contained in Paragraph 217 are denied.

218.    The allegations contained in Paragraph 218 are denied.

219.    The allegations contained in Paragraph 219 are denied.

220.    The allegations contained in Paragraph 220 are denied.

221.    With regard to Paragraph 221, these answering Defendants incorporate herein by reference their responses to all previous allegations made in this Complaint.

222.    The allegations contained in Paragraph 222 state legal conclusions to which no response is required. To the extent a response is required, denied.

223.    The allegations contained in Paragraph 223 are denied.

224.    The allegations contained in Paragraph 224 state legal conclusions to which no response is required. To the extent a response is required, denied.

225.    The allegations contained in Paragraph 225 state legal conclusions to which no response is required. To the extent a response is required, denied.

226. The allegations contained in Paragraph 226 state legal conclusions to which no response is required. To the extent a response is required, denied.

227. The allegations contained in Paragraph 227 are denied.

228. The allegations contained in Paragraph 228 are denied.

229. The allegations contained in Paragraph 229, including each and every subpart, are denied.

230. The allegations contained in Paragraph 230 are denied.

231. The allegations contained in Paragraph 231 are denied.

232. The allegations contained in Paragraph 232 are denied.

233. The allegations contained in Paragraph 233 are denied.

234. The allegations contained in Paragraph 234 are denied.

235. The allegations contained in Paragraph 235 are denied.

236. The allegations contained in Paragraph 236 are denied.

237. With regard to Paragraph 237, these answering Defendants incorporate herein by reference their responses to all previous allegations made in this Complaint.

238. The allegations contained in Paragraph 238 state legal conclusions to which no response is required. To the extent a response is required, denied.

239. The allegations contained in Paragraph 239 are denied.

240. The allegations contained in Paragraph 240 state legal conclusions to which no response is required. To the extent a response is required, denied.

241. The allegations contained in Paragraph 241, including each and every subpart, are denied.

242. The allegations contained in Paragraph 242 are denied.

243. The allegations contained in Paragraph 243 are denied.

244. The allegations contained in Paragraph 244 are denied.

245. The allegations contained in Paragraph 245 are denied.

246. The allegations contained in Paragraph 246 are denied.

247. The allegations contained in Paragraph 247 are denied.

248. The allegations contained in Paragraph 248 are denied.

249. With regard to Paragraph 249, these answering Defendants incorporate herein by reference their responses to all previous allegations made in this Complaint.

250. The allegations contained in Paragraph 250 are denied.

251. The allegations contained in Paragraph 251, including each and every subpart, are denied.

252. The allegations contained in Paragraph 252 are denied.

253. With regard to Paragraph 253, these answering Defendants incorporate herein by reference their responses to all previous allegations made in this Complaint.

254. The allegations contained in Paragraph 254 are denied.

255. The allegations contained in Paragraph 255 are denied.

256. The allegations contained in Paragraph 256 are denied.

## **FIFTH AFFIRMATIVE DEFENSE**

If it is determined that these answering Defendants were negligent, as alleged in the Plaintiff's Complaint or otherwise, which has been and is once again expressly denied, then upon information and belief, it is alleged that intervening negligence and intervening cause on the part of the one or more third parties insulated any negligence on the part of these answering Defendants; that such intervening negligence and cause was not foreseeable to these answering Defendants;

and that such insulating negligence is pled in bar of any purported right of Plaintiff to recover anything of these answering Defendants in this action.

## SIXTH AFFIRMATIVE DEFENSE
### (STATUTES OF LIMITATION)

Plaintiff's claims may be barred by the applicable statutes of limitation.

## SEVENTH AFFIRMATIVE DEFENSE
### (STATUTE OF REPOSE)

Plaintiff's claims may be barred by the statute of repose.

## NINTH AFFIRMATIVE DEFENSE
### (CONTRACTUAL DEFENSES)

Defendants assert all defenses and remedies available under applicable contract law and reserve the right to assert additional contract-related defenses as discovery progresses and the facts are further developed.

## TENTH AFFIRMATIVE DEFENSE
### (RESERVATION OF RIGHTS)

These answering Defendants reserve their rights to assert, and do not waive, any additional defenses not included herein, and about which these answering Defendants may subsequently become aware throughout the discovery phase of this action.

## AMENDED/CORRECTED THIRD-PARTY COMPLAINT

**NOW COMES** Defendant/Third-Party Plaintiff Trails Carolina, LLC, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 14, and respectively submits this Third-Party Complaint against Guy D. Burney and Karen Stoudenmire Burney (collectively "Third-Party Defendants"), and alleges as follows:

28

1.     Plaintiff R.B. is a resident and citizen of Greenville, South Carolina.

2.     Defendant/Third-Party Plaintiff Trails Carolina, LLC (hereinafter "Trail Carolina") was a residential treatment facility organized under the laws of the North Carolina with its principal place of business in Lake Toxaway, North Carolina.

3.      Third-Party Defendants Guy D. Burney and Karen Stoudenmire Burney are individuals residing in Greenville, South Carolina, and were the parents and legal guardians of Plaintiff at the time of her enrollment in 2016.

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.     This Court has supplemental jurisdiction over the third-party claims pursuant to 28 U.S.C. § 1367, as the third-party claims arise from the same transaction or occurrence as the Plaintiff's claims.

6.     Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

7.     On or about December 6, 2016, Third-Party Defendants enrolled Plaintiff in Trails Carolina.

8.     As a condition of Plaintiff's enrollment, Third-Party Defendants executed an enrollment agreement, attached hereto as **Exhibit A**, which included an express indemnification and hold harmless provision (the "Indemnification Agreement").

9.     The Indemnification Agreement provides, in relevant part:

In consideration for being permitted to participate in the Program, Sponsor/Parent/Guardian agrees to not sue, to assume all risks, and to release, hold harmless and indemnify Trails and any and all of its predecessors, successors, officers, directors, trustees, insurers, employees, managers, agents, volunteers, community organizations, administrators, heirs, attorneys, executors, assigns and/or related or affiliated business entities, (collectively all of the above persons and entities shall be referred to as the "Released Parties" hereafter) who, through negligence, carelessness or any other cause, might otherwise be liable to Sponsor/Parent/Guardian or Student under theories of contract or tort law.

Sponsor/Parent/Guardian intends by this Waiver and Release to release, in advance, and to waive his or her rights and discharge each and every one of the Released Parties, from any and all claims for damages for death, personal injury or property damage which Sponsor/Parent/Guardian may have, or which may hereafter accrue as a result of Student's participation in any aspect of the Program, even though that liability may arise from negligence or carelessness on the part of the persons or entities being released, from dangerous or defective property or equipment owned, maintained or controlled by them or because of their possible liability without fault. Additionally, Sponsor/Parent/Guardian covenants not to sue any of the Released Parties based upon their breach of any duty owed to Sponsor/Parent/Guardian or Student as a result of their participation in any aspect of the Program. Sponsor/Parent/Guardian understands and agrees that this Waiver and Release is binding on his or her heirs, assigns and legal representatives and that the Released Parties shall be exempt from liability to Sponsor/Parent/Guardian, his or her heirs, assigns and legal representatives.

Sponsor/Parent/Guardian represents that Student is physically capable of participating in the Program, and his or her medical care provider has approved his or her participation. If Sponsor/Parent/Guardian is aware that Student is under treatment for any physical infirmity, ailment or illness, Sponsor/Parent/Guardian represents that Student's medical care provider knows of and has approved Student's participation in the Program. Sponsor/Parent/Guardian acknowledges that Sponsor/Parent/Guardian, and Sponsor/Parent/Guardian alone, is solely responsible for Student's personal health and safety, and the personal property Student brings with him or her. Sponsor/Parent/Guardian acknowledges that the medical insurance information Sponsor/Parent/Guardian has provided on the Medical Form is current and complete and that Sponsor/Parent/Guardian is solely responsible for procuring and maintaining all medical insurance Sponsor/Parent/Guardian deems necessary and that the Released Parties have recommended that Sponsor/Parent/Guardian procures and/or maintains medical insurance. Sponsor/Parent/Guardian accepts full responsibility for any costs incurred for medical treatment due to failure to procure or maintain insurance, or providing outdated or falsified insurance information. Sponsor/Parent/Guardian understands that it is ultimately Sponsor/Parent/Guardian's responsibility to provide payment to any hospital/emergency response technicians/emergency transport company that may provide services to Student as a result of injury/illness during the Program.

Sponsor/Parent/Guardian agrees to indemnify the Released Parties from any and all actions, causes of action, claims, demands, damages, costs (including attorneys' fees), expenses, liabilities and charges, known or unknown (the "Liabilities") arising out of or in connection with claims and/or actions relating to or brought by or on behalf of Student, including, without limitation, claims related to or arising out of the Student's participation in the Program. Sponsor/Parent/Guardian acknowledges and agrees that Trails is not liable for any loss of or damage to any of the Student's property. The Student is fully responsible for the same at all times. This section shall survive the termination of this Agreement.

10.     Plaintiff has initiated the present lawsuit against Defendant alleging claims of negligence, gross negligence, negligent infliction of emotional distress, forced labor, violations of 18 U.S.C. § 1590 and 18 U.S.C. § 1595(a), and violation of the NC UDTPA arising from Plaintiff's participation in the Trails Carolina program.

## FIRST CAUSE OF ACTION
## CONTRACTUAL INDEMNIFICATION

11.     Defendant/Third-Party Plaintiff realleges and incorporates by reference all prior paragraphs of this Third-Party Complaint.

12.     The Indemnification Agreement constitutes a valid and binding contract between Defendant/Third-Party Plaintiff and the Third-Party Defendants.

13.     Defendant/Third-Party Plaintiff has incurred, and will continue to incur, legal fees, defense costs, and potential liability as a direct result of Plaintiff's lawsuit.

14.     Pursuant to the Indemnification Agreement, the Third-Party Defendants are obligated to indemnify and hold Defendant/Third-Party Plaintiff harmless from the claims asserted by Plaintiff.

15.     The Third-Party Defendants have refused, and continue to refuse, to honor their indemnity obligations under the Agreement.

16.     As a direct and proximate result of the Third-Party Defendants' breach of the Indemnification Agreement, Defendant/Third-Party Plaintiff has suffered and will continue to suffer damages, including but not limited to attorneys' fees, court costs, and any liability arising from Plaintiff's claims.

## SECOND CAUSE OF ACTION
## COMMON LAW INDEMNIFICATION

17.     Defendant/Third-Party Plaintiff realleges and incorporates by reference all prior paragraphs of this Third-Party Complaint.

18.     To the extent Defendant/Third-Party Plaintiff is found liable to Plaintiff, such liability, if any, would be vicarious, passive, or secondary, and caused primarily by the acts or omissions of the Third-Party Defendants, including but not limited to:

a. Their decisions related to Plaintiff's enrollment;

b. Their failure to disclose relevant information at the time of enrollment; and

c. Their failure to appropriately supervise, direct, or inform Plaintiff regarding the Program.

19.     Under North Carolina common law, Defendant/Third-Party Plaintiff is entitled to indemnity from the Third-Party Defendants.

20.     As a direct result of Third-Party Defendants' actions, Defendant/Third-Party Plaintiff has incurred and will continue to incur damages.

## THIRD CAUSE OF ACTION
### CONTRIBUTION

21.     Defendant/Third-Party Plaintiff realleges and incorporates by reference all prior paragraphs of this Third-Party Complaint.

22.     If Defendant is found liable to Plaintiff in tort, Defendant/Third-Party Plaintiff is entitled to contribution from Third-Party Defendants under N.C. Gen. Stat. § 1B-1 et seq., to the extent that the Third-Party Defendants' negligence or wrongful conduct contributed to Plaintiff's injuries.

23.     Contribution is appropriate because any fault assigned to Defendant/Third-Party Plaintiff is shared, in whole or in part, by the Third-Party Defendants.

**WHEREFORE**, Defendants Asheville Academy For Girls, LLC, Trails Carolina, LLC, Wilderness Training & Consulting, LLC, Family Help & Wellness, WTC Holdco, LLC, and WTCSL, LLC, having fully answered the Complaint of Plaintiff, pray the Court as follows:

1.     That Plaintiff have and recover nothing of these answering Defendants in this action, and that this action be dismissed;

2.     That all issues of fact be tried before a jury;

3.      That the costs of this action be taxed against Plaintiff;

4.      That Third-Party Defendants be required to indemnify Defendant/Third-Party Plaintiff for all costs, expenses, and damages incurred in connection with Plaintiff's claims, including but not limited to attorneys' fees and costs of defense;

5.      That judgment be entered in favor of Defendant and against Third-Party Defendants for any sums Defendant is required to pay to Plaintiff;

6.      That Defendant/Third-Party Plaintiff be awarded its attorneys' fees and costs incurred in prosecuting this Third-Party Complaint; and

7.      For such other and further relief as the Court may deem just and proper.

**This the 18th day of September, 2025.**

**/s/DAVID L. LEVY**
**David L. Levy**
**NC State Bar No. 34060**
**/s/KRISTY M. D'AMBROSIO**
**Kristy M. D'Ambrosio**
**NC State Bar No. 52817**
**Gardner Skelton**
**3746 N. Davidson Street**
**Charlotte, NC 28205**
**Phone: 704-668-0350**
**Fax: 704-936-0294**
**dlevy@gardnerskelton.com**
**kdambrosio@gardnerskelton.com**
***Attorneys for Defendants Asheville***
***Academy For Girls, LLC, Trails Carolina,***
***LLC, Wilderness Training & Consulting,***
***LLC, Family Help & Wellness, WTC***
***Holdco, LLC, and WTCSL, LLC***

## CERTIFICATE OF SERVICE

I certify that the foregoing *Defendants Asheville Academy For Girls, LLC, Trails Carolina, LLC, Wilderness Training & Consulting, LLC, Family Help & Wellness, WTC Holdco, LLC, and WTCSL, LLC's Answer to Plaintiff's Complaint, Motion to Dismiss, and Amended/Corrected Third-Party Complaint* has on this date been served upon counsel in this matter via this Court's CM/ECF system and upon Third-Party Defendants via certified mail at the following address:

**Guy D. Burney**
**2 Fieldstone Place**
**Greenville, SC 29615**

**Karen Stoudenmire Burney**
**2 Fieldstone Place**
**Greenville, SC 29615**

**This the 18th day of September, 2025.**

**/s/Kristy M. D'Ambrosio**
**David L. Levy (NC State Bar No. 34060)**
**Kristy M. D'Ambrosio (NC State Bar No. 52817)**
**Gardner Skelton, PLLC**
**3746 N. Davidson Street**
**Charlotte, North Carolina 28205**
**Telephone: (704) 335-0350**
**Fax: (704) 936-0294**
**Email: dlevy@gardnerskelton.com**
**kdambrosio@gardnerskelton.com**
***Attorneys for Defendants Asheville Academy For Girls, LLC, Trails Carolina, LLC, Wilderness Training & Consulting, LLC, Family Help & Wellness, WTC Holdco, LLC, and WTCSL, LLC***

34