

# Trails Carolina
# Enrollment Agreement

*(Including Assumption of Risks, Release and Indemnity)*

This Enrollment Agreement ("Agreement") is entered into by and between Trails Carolina, LLC, a North Carolina limited liability company (hereinafter "Trails") and _Karen Beth Burney_ parent(s)/guardian(s) (collectively the "Sponsor/Parent/Guardian") of ▬▬▬▬▬▬▬▬ (the "Student"). Trails and the Sponsor/Parent/Guardian are sometimes referred to individually as a "Party" and collectively as the "Parties".

*In consideration of the mutual promises set forth in this Agreement, the Parties mutually agree as follows:*

**1. SPONSOR/PARENT/GUARDIAN'S REPRESENTATIONS.** Sponsor/Parent/Guardian acknowledges and agrees that Sponsor/Parent/Guardian is the legal parent(s) and/or guardian(s) having legal custody of Student, and that Sponsor/Parent/Guardian desires to and does hereby contract with Trails for the purpose of securing Student's placement in the Trails' Wilderness Therapy Program (the "Program") according to the terms and conditions of this Agreement. In entering into and performing under this Agreement, Trails is relying on all representations and promises of the Sponsor/Parent/Guardian contained or expressed in this Agreement and other documents and information provided by Sponsor/Parent/Guardian to Trails, and Sponsor/Parent/Guardian expressly warrants the truth and accuracy of all such documents and information.

**2. ELIGIBILITY AND ENROLLMENT OF THE STUDENT.** Sponsor/Parent/Guardian must submit to Trails the following: a completed and executed copy of this Agreement and the Payment Agreement; completed and executed copies of all required consents, authorizations and information requests; and the initial payment required by the Payment Agreement (the "Required Submissions"). Upon Trails' receipt of the Required Submissions, Trails will evaluate the Required Submissions. Upon Trails' execution of this Agreement and Student's physical arrival at Trails, Trails shall conditionally accept the Student for enrollment in the Program subject to the terms and conditions of this Agreement. Sponsor/Parent/Guardian acknowledges and agrees that Trails' conditional acceptance of the Student is subject to the personal evaluation and screening process conducted by Trails prior to completion of the Assessment phase of the Program. If the Student satisfies Trails' screening criteria, Trails shall enroll the Student and, except as otherwise provided herein, permit the Student to participate in the Program. If the Student fails to satisfy any of Trails' screening criteria at the sole discretion of Trails, the Student will not be enrolled in the Program and will be discharged. Trails Carolina retains the right to discharge the Student at any time for medical or clinical reasons, or as otherwise allowed under this Agreement.

**3. TERM OF AGREEMENT/CUSTODY.** Except as otherwise provided, the term of this Agreement shall be from the date it is executed by Trails until the earlier of the date that the Student is (a) returned to Sponsor/Parent/Guardian; (b) returned to custody of a court of proper jurisdiction or (c) voluntarily leaves the Program after the Student's eighteenth birthday. Sponsor/Parent/Guardian agrees to make all arrangements necessary for Student to travel to and from Trails and is responsible for all costs associated with such transportation. On the date that the Student physically arrives at Trails, which is expected to be (the "Arrival Date"), Sponsor/Parent/Guardian shall transfer temporary custody of the Student to Trails for the term of the Agreement unless the Student (a) has otherwise been placed in the custody of Trails by a court of proper jurisdiction or (b) reaches his or her eighteenth birthday and voluntarily consents in writing to remain in the Program

**4. FEES, COSTS AND PAYMENT TERMS.** This Section shall survive termination of this Agreement.

    **A. Tuition and Enrollment Fees.** The tuition fee is ~~$525.00~~ $425 per day (the "Tuition Fee"). The Tuition Fee is charged for any day in which the Student is enrolled in the Program and/or in the custody of Trails. A partial day is billed for a full day. The enrollment fee is $2,900.00 (the "Enrollment Fee").

    **B. Incidental Fees.** There are additional incidental costs and expenses to participate in the Program, including the initial physical cost, initial evaluations, medication costs, outfitting costs, escorting fees and transportation costs for off-site visits, and all medical, dental, hospital, and related expenses incurred by or for the Student (the "Incidental Costs").

©Trails Carolina; 2016 I 888-387-2457 Phone I 888-314-3010 Fax I www.TrailsCarolina.com

2

Case 1:25-cv-00187-MOC-SCR    Document 18-1    Filed 09/18/25    Page 1 of 6

C. Schedule and Method of Payment for Program Fees.

(1) Prior to the conditional acceptance of a Student, the Sponsor/Parent/Guardian must pay a minimum initial payment of $ _____ (which includes the Tuition Fee for the first _42_ days of the Program and the Enrollment Fee) (the "Initial Payment") and may prepay additional days of Tuition Fees (the "Initial Prepayment"). The Initial Payment may be paid by check, accepted credit card or wire transfer and must be accompanied by the Fee Payment Agreement.

(2) After the conditional acceptance of the Student, Sponsor/Parent/Guardian agrees to pay all Incidental Costs. Prior to the conditional acceptance of the Student, Sponsor/Parent/Guardian must provide a valid credit card (VISA, Mastercard or American Express) with available credit at the time of admission for the payment of any Incidental Costs.   $425.00

(3) If the Student remains in the Program after the numbers of days that have been prepaid by the Initial Payment, the Tuition Fee of $525.00 per day will apply to each additional day of participation in the Program (the "Additional Tuition Fees"). Sponsor/Parent/Guardian agrees to pay any Additional Tuition Fees in two week increments due on the first day of each two week period.

Sponsor/Parent/Guardian acknowledges that failure to pay the Additional Tuition Fees could result in the discharge of the Student. Prior to the conditional acceptance of the Student, Sponsor/Parent/Guardian must provide a valid credit card (VISA, Mastercard or American Express) with available credit at the time of admission for the payment of any Additional Tuition Fees.

(4) With the exception of the discharge summary, no Student files or records will be released until all outstanding Tuition Fees, Enrollment Fees, Incidental Costs and any other amounts due under this Agreement are paid in full.

CI. **Cancellation/Early Withdrawal.** The Enrollment Fee is not refundable. If Trails receives a written cancellation more than seven (7) days prior to the Arrival Date, the Sponsor/Parent/Guardian will be entitled to a full refund of the Initial Payment (less the Enrollment Fee) and any Initial Prepayments. If Trails receives a written cancellation seven (7) days or less prior to the Arrival Date, the Sponsor/Parent/Guardian will be entitled to a 50% refund of the Initial Payment (less the Enrollment Fee) and a full refund of any Initial Prepayments. After the Arrival Date, the Initial Payment is not refundable (unless the Student withdraws before the 28th day with the recommendations of the Program Director, in which case the Tuition Fees for the unused days will be refunded to the Sponsor/Parent/Guardian) but any unused Initial Prepayments are refundable. Any Additional Tuition Fees are non-refundable. Any non-refundable, unused amounts retained by Trails may, if deemed appropriate by Trails, be used as credit against any future enrollment of the Student.

5. **SUBCONTRACTING.** Sponsor/Parent/Guardian agrees and consents to Trails subcontracting certain services to be rendered under this Agreement to persons or entities deemed by Trails to be properly qualified to provide said services, at no additional cost to Sponsor/Parent/Guardian unless otherwise agreed to by both Parties. Trails is not responsible for the services provided by such third- party contractors and is hereby released from any liability arising from such services. All clinicians furnishing services to the Student, including any psychiatrists, psychologists, mental health professionals, or internists or the like, are independent contractors with the client and are not employees of Trails. The Student is under the care and supervision of his/her attending clinician and it is the responsibility of the Student's clinician to obtain the Sponsor/Parent/Guardian's informed consent, when required, for medical, surgical, or psychiatric treatment, special diagnostic or therapeutic procedures, or other services rendered the Student under the general and special instructions of the clinician. This section shall survive the termination of this Agreement.

6. **NURSING CARE.** Trails provides only general nursing care unless, upon orders of the Student's physician, the Student is provided more intensive nursing care. If the Student's condition is such as to need the service of a special duty nurse, it is agreed that such must be arranged by the Sponsor/Parent/Guardian. Trails shall in no way be responsible for failure to provide the same and is hereby released from any and all liability arising from the fact that Student is not provided with such additional care. This section shall survive the termination of this Agreement.

7. **ASSUMPTION OF RISKS: RELEASES AND INDEMNITIES.** Sponsor/Parent/Guardian acknowledges serious hazards and dangers, known and unknown, inherent in the Program, including but not limited to ranch, agricultural and vocational

activities, emotional and physical injuries, illness or death that may arise from strenuous hiking, climbing and camping in a natural environment, exposure to the elements, plants and animals, running away from the Program, "acts of God" (nature), the ropes course, kayaking, water sports, mountain biking, stress, involvement with other students, self-inflicted injuries, and transportation to and from the Program's field location(s). Sponsor/Parent/Guardian understands that in participating in the Program Student will be in locations and using facilities where many hazards exist and is aware of and appreciates the risks which may result. Sponsor/Parent/Guardian understands that accidents occur during such activities due to the negligence of others which may result in death or serious injury. Sponsor/Parent/Guardian and Student are voluntarily participating in the Program with knowledge of the dangers involved and agree to accept any and all risks.

In consideration for being permitted to participate in the Program, Sponsor/Parent/Guardian agrees to not sue, to assume all risks, and to release, hold harmless and indemnify Trails and any and all of its predecessors, successors, officers, directors, trustees, insurers, employees, managers, agents, volunteers, community organizations, administrators, heirs, attorneys, executors, assigns and/or related or affiliated business entities, (collectively all of the above persons and entities shall be referred to as the "Released Parties" hereafter) who, through negligence, carelessness or any other cause, might otherwise be liable to Sponsor/Parent/Guardian or Student under theories of contract or tort law.

Sponsor/Parent/Guardian intends by this Waiver and Release to release, in advance, and to waive his or her rights and discharge each and every one of the Released Parties, from any and all claims for damages for death, personal injury or property damage which Sponsor/Parent/Guardian may have, or which may hereafter accrue as a result of Student's participation in any aspect of the Program, even though that liability may arise from negligence or carelessness on the part of the persons or entities being released, from dangerous or defective property or equipment owned, maintained or controlled by them or because of their possible liability without fault. Additionally, Sponsor/Parent/Guardian covenants not to sue any of the Released Parties based upon their breach of any duty owed to Sponsor/Parent/Guardian or Student as a result of their participation in any aspect of the Program. Sponsor/Parent/Guardian understands and agrees that this Waiver and Release is binding on his or her heirs, assigns and legal representatives and that the Released Parties shall be exempt from liability to Sponsor/Parent/Guardian, his or her heirs, assigns and legal representatives.

Sponsor/Parent/Guardian represents that Student is physically capable of participating in the Program, and his or her medical care provider has approved his or her participation. If Sponsor/Parent/Guardian is aware that Student is under treatment for any physical infirmity, ailment or illness, Sponsor/Parent/Guardian represents that Student's medical care provider knows of and has approved Student's participation in the Program. Sponsor/Parent/Guardian acknowledges that Sponsor/Parent/Guardian, and Sponsor/Parent/Guardian alone, is solely responsible for Student's personal health and safety, and the personal property Student brings with him or her. Sponsor/Parent/Guardian acknowledges that the medical insurance information Sponsor/Parent/Guardian has provided on the Medical Form is current and complete and that Sponsor/Parent/Guardian is solely responsible for procuring and maintaining all medical insurance Sponsor/Parent/Guardian deems necessary and that the Released Parties have recommended that Sponsor/Parent/Guardian procures and/or maintains medical insurance. Sponsor/Parent/Guardian accepts full responsibility for any costs incurred for medical treatment due to failure to procure or maintain insurance, or providing outdated or falsified insurance information. Sponsor/Parent/Guardian understands that it is ultimately Sponsor/Parent/Guardian's responsibility to provide payment to any hospital/emergency response technicians/emergency transport company that may provide services to Student as a result of injury/illness during the Program.

Sponsor/Parent/Guardian agrees to indemnify the Released Parties from any and all actions, causes of action, claims, demands, damages, costs (including attorneys' fees), expenses, liabilities and charges, known or unknown (the "Liabilities") arising out of or in connection with claims and/or actions relating to or brought by or on behalf of Student, including, without limitation, claims related to or arising out of the Student's participation in the Program. Sponsor/Parent/Guardian acknowledges and agrees that Trails is not liable for any loss of or damage to any of the Student's property. The Student is fully responsible for the same at all times. This section shall survive the termination of this Agreement.

**8. STUDENT RUNAWAY ATTEMPTS.** In the event the Student runs away from the Program, Trails will make every reasonable effort to find the Student and return the Student to the Program or to the Sponsor/Parent/Guardian. In the event of a runaway, all appropriate law enforcement agencies or security personnel of any federal, state, county or municipal entity are hereby directed to detain and retain custody of the Student until Sponsor/Parent/Guardian or any personnel of Trails arrive, at which time Trails personnel may re-obtain custody or control of the Student or authorize continued custody by the law enforcement agency until travel is arranged for the Student's return home. Sponsor/Parent/Guardian hereby releases, holds harmless and indemnifies Trails from any and all claims, damages, and liabilities arising out of or resulting from Student running away while in Trails custody and/or participating in the Program, including, but not limited to, claims of personal injury or property damages or loss incurred by the Student, the Sponsor/Parent/Guardian or any other third parties. An accounting of the expenses incurred by Trails in finding and returning the Student will be made to the Sponsor/Parent/Guardian who agrees to accept full responsibility for any and all such costs and expenses, and to pay the same within seven (7) days of the Sponsor/Parent/Guardian's receipt of said accounting. This section shall survive the termination of this Agreement.

**9. PERSONAL INJURY AND DAMAGE TO PROPERTY.** Sponsor/Parent/Guardian agrees to accept full financial and legal responsibility for **(1)** the repair or replacement of any property damaged, defaced, or destroyed by the Student, whether owned, leased, or controlled by Trails or any third party, and **(2)** any personal injury to any Trails personnel, other students or third parties caused, in whole or in part, by the Student; and to promptly reimburse Trails for any costs and expenses, including legal fees, it may incur in connection therewith, and to pay any of the above mentioned damages within seven (7) days of the Sponsor/Parent/Guardian's receipt of said accounting. This section shall survive the termination of this Agreement.

**10. AUTHORIZATION FOR MEDICAL CARE AND RECORDS.** In the event of an accident, injury, illness, or other medical necessity, Sponsor/Parent/Guardian hereby authorizes Trails to: **(a)** provide emergency first aid to the Student in the field and en route to any hospital or clinic, **(b)** arrange for any medical, dental, psychiatric, hospital, ambulance or other health-related care for the Student deemed necessary by Trails staff; and **(c)** authorize a physician, dentist or other health-care professional(s) to perform any procedure(s) that the health-care professional(s) deems necessary for the well-being of the Student. All costs and expenses incurred for these services shall be the sole responsibility of the Sponsor/Parent/Guardian. Sponsor/Parent/Guardian also authorizes Trails to arrange for a physical examination (including a drug screen urine/blood test, at Trails' option) and any psychological assessments of the Student deemed necessary by Trails prior to the Student beginning the Program. Sponsor/Parent/Guardian also authorizes any and all medical doctors, psychiatrists, psychologists, counselors, therapists, hospitals, clinics and treatment centers that have treated or counseled the Student, and whose names Sponsor/Parent/Guardian shall provide to Trails, to release all information regarding the Student's medical and/or psychological history, diagnoses and treatments to Trails upon request. Trails shall handle all such protected health information (also "PHI") pursuant to the guidelines promulgated in the Health Insurance Portability & Accountability Act ("HIPAA") Act of 1996.
This section shall survive the termination of this Agreement.

**11. AUTHORIZATION FOR SEARCH AND SEIZURE.** Sponsor/Parent/Guardian hereby authorizes Trails personnel to search the person and personal effects of the Student at any time, including a "strip search." In connection with such search, Trails may, in its discretion, require Student to remove all of his or her clothing and may search Student's entire person, in which contraband may be hidden. Trails is further authorized to confiscate any and all items deemed by Trails to be contraband or counterproductive to the Student's successful completion of the Program. The disposition of all items confiscated by Trails shall be left to the sole discretion of Trails.

**12. AUTHORIZATION FOR RESTRAINT.** Sponsor/Parent/Guardian hereby authorizes Trails personnel to physically restrain, control and detain the Student by the exercise of necessary restraints when deemed necessary by Trails, for purposes including but not limited to escorting the Student to and from field locations, returning the Student to the Program if the Student runs away, or preventing the Student from jeopardizing the Student's own safety or the safety of others.

**13. RESEARCH AUTHORIZATION.** Sponsor/Parent/Guardian hereby authorizes Trails to use data from the Student's records, tests, and assessments for purposes of ongoing research, provided that the Student's name and identity will be kept confidential and not used in any published materials. This section shall survive the termination of this Agreement.

14. **EARLY TERMINATION BY TRAILS/LIQUIDATED DAMAGES.** Trails reserves the right to terminate this Agreement at any time due to: (i) failure of Sponsor/Parent/Guardian to pay any amounts due under Section 4; (ii) illegal, uncontrollable, or dangerous behavior by the Student; (iii) discovery of any unprompted or previously unknown physical, medical, mental, or emotional problem(s) of the Student; or (iv) for any other reason if Trails deems it necessary for the protection of the Student, any other student(s) or the integrity of the Trails Program. In the event that Trails elects to terminate the Student pursuant to the terms of this paragraph, Sponsor/Parent/Guardian understands and agrees that Sponsor/Parent/Guardian forfeits all amounts paid to Trails under Section 4. The forfeiture reflects the recognition that certain costs associated with enrolling the Student in the Program are incurred, whether or not the Program is completed, including such items as salaries, inventories, and other general operating expenses. Therefore, Sponsor/Parent/Guardian understands and agrees that the policy of non-refundable payments is a reasonable estimate of the losses (i.e., Liquidated Damages) the Program incurs with the early termination of Student.

15. **SPONSOR/PARENT/GUARDIAN EDUCATION PROGRAM AND COOPERATION.** Sponsor/Parent/Guardian agrees to attend the seminar for parents and guardians of the students conducted by Trails during the Program, and to give Sponsor/Parent/Guardian's full cooperation to Trails personnel throughout the Program, in order to maximize the benefits of the Program for the Student and the Sponsor/Parent/Guardian. Sponsor/Parent/Guardian also agrees to read any educational materials and watch any video programs sent to Sponsor/Parent/Guardian by Trails, and to fill out and return to Trails any interactive educational materials, while the Student is in the Program.

16. **AUTHORIZATION OF PHOTOGRAPHS.** Sponsor/Parent/Guardian agrees that photographs or other images may be taken of Student for Trails' confidential records and for the purpose of sending photographs to Sponsor/Parent/Guardian.

17. **AUTHORIZATION FOR PHOTOGRAPHY / AUDIO / VIDEO.** In an attempt to provide insight to other families about our program, Sponsor/Parent/Guardian hereby authorizes Trails Carolina to take and utilize the name, voice, photographs and/or videotapes or audiotapes of the student. Sponsor/Parent/Guardian understands and agrees that student's acts, poses, plays, faces, person, likeness and appearance may be used in preparing promotional literature or publicity in any medium by Trails Carolina and its affiliates/ partners.

18. **HEALTH INSURANCE.** Sponsor/Parent/Guardian warrants that the Student is presently covered, and will for the duration of the Program be covered, by adequate health insurance covering claims that may arise in connection with any accident, injury or illness that the Student may suffer or incur during the Program. Whatever deductibles or coverage exclusions may apply in a given case shall be satisfied entirely by Sponsor/Parent/Guardian.

19. **EMANCIPATION.** Sponsor/Parent/Guardian warrants that the Student is a minor, both by age and as a matter of law, that the Student is not an "emancipated minor," and that the laws of the Student's state of residence permit Sponsor/Parent/Guardian to place the Student in the Program without the Student's consent.

20. **DELAYED PERFORMANCE.** Except for the obligation to make payments when due hereunder, all other obligations under this Agreement shall be suspended for so long as one or both Parties hereto are prevented from performing hereunder by acts of God/nature, the elements, acts of federal, state or local governments, agencies or courts, damage to or destruction or unavoidable shut-down of necessary facilities, or other matters beyond their reasonable control; provided, however, that any Party so prevented from complying with its obligations hereunder shall promptly notify the other Party thereof and shall exercise due diligence to remove and overcome the cause as soon as practicable.

21. **ATTORNEY'S FEES.** In the event that either Party is found in default or material breach of any specific promise, term or condition expressly set forth in this Agreement by an arbitrator(s) or a court of competent jurisdiction, said Party shall be liable to pay all reasonable attorneys' fee, court costs and other related collection costs and expenses incurred by the other Party in enforcing its contractual rights hereunder in said arbitration and/or court proceeding(s). In addition, Sponsor/Parent/Guardian agrees to compensate Trails for all reasonable attorneys' fees and costs incurred by Trails in connection with those matters concerning which Sponsor/Parent/Guardian has agreed to pay or indemnify Trails herein. This section shall survive the termination of this Agreement.

22. **AMENDMENTS.** This agreement may be amended at any time upon mutual agreement of the Parties hereto, but any amendment(s) must first be reduced to writing and signed by both Parties in order to become effective.

23. **WAIVER.** A waiver by any Party of any provision hereof, whether in writing or by course of conduct or otherwise, shall be valid only in the instance for which it is given, and shall not be deemed a continuing waiver of said provision, nor shall it be construed as a waiver of any other provision hereof.

24. **PARAGRAPH HEADING.** The paragraph headings of this Agreement are inserted only for convenience and in no way define, limit or describe the scope or intent of this Agreement nor affect its terms and provisions.

**25. NOTICES.** Any and all notices, payments, reports and other correspondence required here-under shall be deemed to have been properly given or delivered when made in writing and delivered personally to the Party to whom directed, or when sent by United States mail with all necessary postage or charges fully prepaid, and addressed to the Party to whom directed at its below specified address (or a new address after written notice of such change is given to the other Party).

Trails Carolina, LLC
500 Winding Gap Road
Lake Toxaway, NC 28747

SPONSOR/PARENT/GUARDIAN'S NAME: Karen "Beth" Burney & Guy Burney
ADDRESS: 2 Fieldstone Place
CITY, STATE, ZIP: Greenville SC 29616

**26. GOVERNING LAW/VENUE.** Should a parent, legal guardian, or a child have a grievance, they should be encouraged to speak directly with the Primary Therapist or Admissions Director to resolve the grievance. Any issues that a client believes have not been satisfactorily addressed can be directed to the Executive Director of Trails. This Agreement, and all matters relating hereto, including any matter or dispute arising between the Parties out of this Agreement, tort or otherwise, shall be interpreted, governed, and enforced according to the laws of the State of North Carolina; and the Parties consent and submit to the exclusive jurisdiction and venue of the North Carolina Courts in Transylvania County, North Carolina, and any qualified (American Arbitration Association-approved) arbitration service in the State of North Carolina to enforce this Agreement. The Parties acknowledge that this agreement constitutes a business transaction within the State of North Carolina. This section shall survive the termination of this Agreement.

**27. SEVERABILITY.** In the event that any provision of this Agreement, or any operation contemplated hereunder, is found by a court of competent jurisdiction to be inconsistent with or contrary to any law, ordinance, or regulation, the latter shall be deemed to control and the Agreement shall be regarded as modified accordingly and, in any event, the remainder of this Agreement shall continue in full force and effect. This section shall survive the termination of this Agreement.

**28. NUMBER.** As used in this Agreement, the term "Sponsor/Parent/Guardian" shall include all Sponsor/Parent/Guardians, being the parent(s) and/or guardian(s) executing this Agreement; and singular pronouns shall include the plural and plural pronouns shall include the singular, whenever the context so requires.

**29. ACKNOWLEDGEMENT/ENTIRE AGREEMENT.** Sponsor/Parent/Guardian hereby acknowledges that Sponsor/Parent/Guardian has read this Agreement and that Sponsor/Parent/Guardian understands and consents to all of its provisions; that this Agreement, the Payment Agreement and the Related Authorizations and Consents constitutes the entire agreement between the Parties hereto with respect to the subject matter hereof; and that all other prior agreements, promises, expectations and conditions, oral or written, between the Parties are incorporated herein. Other than the express commitments set forth in this Agreement, Trails gives no warranties of any kind, express or implied, to either the Sponsor/Parent/Guardian or the Student concerning the Program; and Sponsor/Parent/Guardian acknowledges that Sponsor/Parent/Guardian is not relying on any warranties or representations of any kind other than the express commitments of Trails set forth herein. This section shall survive the termination of this Agreement.

**30. BINDING EFFECT.** This Agreement may not be assigned by the Sponsor/Parent/Guardian. Notwithstanding the foregoing, this Agreement shall be binding upon and inure to the benefit of the Parties hereto, their heirs, personal representatives, successors and assigns. This section shall survive the termination of this Agreement.

*IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates set forth below.*

_____ / _____
Sponsor/Parent/Guardian (father/guardian)  Date

K Beth Burney / 12-6-2016
Sponsor/Parent/Guardian (mother/guardian)  Date

Accepted by Trails Carolina Staff

Title: Program Director / Date: 12/8/16

©Trails Carolina; 2016 I 888-387-2457 Phone I 888-314-3010 Fax I www.TrailsCarolina.com

7