UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| JANE DOE, R.B., <br><br> Plaintiff, <br><br> v. <br><br> ASHEVILLE ACADEMY FOR GIRLS, LLC, TRAILS CAROLINA, LLC, WILDERNESS TRAINING & CONSULTING, LLC, FAMILY HELP & WELLNESS, WTC HOLDCO, LLC, WTCSL, LLC and UNNAMED ENTITIES 1-10, <br><br> Defendants, <br><br> and <br><br> TRAILS CAROLINA, LLC, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> GUY D. BURNEY AND KAREN STOUDENMIRE BURNEY. <br><br> Third-Party Defendants. | Case No.: 1:25-CV-00187 <br><br><br> DEFENDANT/THIRD-PARTY PLAINTIFF TRAILS CAROLINA, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO THIRD-PARTY DEFENDANTS MOTION TO DISMISS |

Defendant Trails Carolina, LLC (hereinafter "Trails" or "Defendant"), by and through counsel, respectfully submits this opposition to Third-Party Defendants Guy D. Burney and Karen Stoudenmire Burney's (hereinafter collectively "Third-Party Defendants") Motion to Dismiss the Third-Party Complaint.

## BOTTOM LINE UP FRONT

Third-Party Defendants' motion to dismiss Trails' third-party claims fails because it seeks to resolve factual disputes and misstates the governing law. Trails has plausibly alleged that Third-Party Defendants executed the Enrollment Agreement that expressly requires them to indemnify

1

and hold Trails harmless from claims arising out of their child's participation in the program. Those allegations are sufficient to sustain Trails' claims for contractual indemnity, common law indemnity, and contribution under North Carolina law. Third-Party Defendants reliance on statutory exceptions, such as the fiduciary duty and intentional-act exclusions, are premature and inapplicable at this stage. Trails is entitled to plead alternative theories of liability under Rule 8, and discovery will determine whether Trails or Third-Party Defendants bear responsibility, in whole or in part, for the damages alleged. Because the Third-Party Complaint states viable claims under the express contract and North Carolina's Uniform Contribution Among Tortfeasors Act, the motion to dismiss should be denied in its entirety

## STATEMENT OF FACTS

This action arises from Plaintiff R.B.'s enrollment in the Trails program in December 2016. Trails Carolina was a residential treatment program operating in Lake Toxaway, North Carolina. ECF 18 ¶ 7. On or about December 6, 2016, Third-Party Defendants, the parents and legal guardians of R.B., enrolled their daughter in the Trails Carolina program. *Id.* As a condition of R.B.'s enrollment, Third-Party Defendants executed a written Enrollment Agreement with Trails Carolina. The Enrollment Agreement included an express indemnification and hold harmless provision ("Indemnification Agreement") under which Third-Party Defendants agreed to indemnify and hold Trails Carolina harmless from any and all claims, damages, or liabilities arising from or related to R.B.'s participation in the program. ECF 18 ¶ 8-9.

Over nine years later, R.B. filed the present lawsuit against Trails, alleging claims for negligence, gross negligence, negligent infliction of emotional distress, forced labor, violations of 18 U.S.C. §§ 1590 and 1595(a), and violations of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"). ECF 18 ¶ 10. Each of R.B.'s claims arises from her alleged experiences

while enrolled in the Trails program pursuant to the enrollment arranged and executed by Third-Party Defendants.

In response, Trails filed a Third-Party Complaint against Third-Party Defendants seeking (1) contractual indemnification pursuant to the Indemnification Agreement, (2) common law indemnification to the extent Trails is found vicariously or passively liable for conduct primarily attributable to Third-Party Defendants, and (3) contribution under North Carolina's Uniform Contribution Among Tortfeasors Act, N.C. Gen. Stat. § 1B-1 et seq. ECF 18.

### **STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the pleadings, not the merits of the claims. In evaluating such a motion, the Court must accept all well-pleaded factual allegations as true, view them in the light most favorable to the non-moving party, and draw all reasonable inferences in that party's favor. To survive dismissal, a complaint need only contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). The plausibility standard does not require detailed factual allegations, nor does it demand proof of the claim's merits. It simply requires enough factual content to allow the Court to reasonably infer that the defendant may be liable for the misconduct alleged. At this stage, the Court's role is limited to assessing whether the allegations, if proven, would entitle the pleader to relief under any viable legal theory. A Rule 12(b)(6) motion should therefore be denied unless it appears beyond doubt that the claimant can prove no set of facts in support of its claims that would entitle it to relief. Because Trails Carolina's Third-Party Complaint alleges detailed facts establishing plausible claims for contractual

indemnification, common law indemnification, and contribution, dismissal at the pleading stage is improper.

## LEGAL ARGUMENT

I. THE THIRD-PARTY COMPLAINT STATES VALID CLAIMS FOR RELIEF.

Trails has asserted straightforward contractual indemnification and related claims arising from the Indemnification Agreements executed by Third-Party Defendants. The Indemnification Agreement expressly require the parents to indemnify and hold Trails harmless from any claims, damages, or liabilities "arising out of or in connection with" the student's participation in the program. ECF 18 ¶ 9. The Third-Party Complaint specifically pleads that (1) such agreement exists, (2) Third-Party Defendants executed them as a condition of enrollment, and (3) claims have now been asserted against Trails that fall squarely within the indemnity's scope. These well-pleaded facts easily state a plausible claim for relief under the Federal Rules of Civil Procedure.

Third-Party Defendants motion attempts to impose factual disputes and policy arguments inappropriate for resolution at the pleading stage. Whether the Indemnification Agreement was fair, voluntary, or supported by adequate consideration are questions of fact. On a motion to dismiss, Trails' well-pleaded allegations must be accepted as true, and the agreement attached to the pleadings must be enforced according to its plain terms.

 

    A. *The Indemnification Agreement Is Not Unconscionable*

Third-Party Defendants claim the Indemnification Agreement is unconscionable because they regret the bargain they made. Their argument fails. The record demonstrates that the agreement was fully disclosed, executed in writing, and required as part of a standard enrollment process for a specialized therapeutic program. Third-Party Defendants were educated adults who voluntarily sought out Trails' services, reviewed the enrollment materials, and signed each

4

Case 1:25-cv-00187-MOC-SCR     Document 22     Filed 10/22/25     Page 4 of 15

document. There was no surprise, coercion, or unequal bargaining power that would render the contract void.

"A court will generally refuse to enforce a contract on the ground of unconscionability only when the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other." *Brenner v. Little Red Sch. House, Ltd.,* 302 N.C. 207, 213, 274 S.E.2d 206, 210 (1981)(holding that a contract between a parent and a private school was not unconscionable). Under North Carolina, a signatory to a contract has a duty to read it and exercise reasonable care for their own protection, and thus, the signer is charged with full knowledge of its contents and with assent to the terms contained therein. *Wilkerson ex rel. Est. of Wilkerson v. Nelson,* 395 F. Supp. 2d 281 (M.D.N.C. 2005)

The Indemnification Agreement's terms are not "harsh" or "one-sided." Such indemnity clauses are standard across residential and therapeutic programs, reflecting the inherent risks associated with outdoor and behavioral health settings. The agreement appropriately allocates responsibility for claims related to the student's participation and does not eliminate Trails' own obligations under the law. It merely ensures that the parties honor the allocation of risk they agreed to in advance. Moreover, Third-Party Defendants received substantial consideration in exchange for the agreement, the services, supervision, and programming Trails provided to their daughter. They paid for and accepted those services. Having done so, they cannot now disavow the very terms that governed their relationship with Trails.

B. *The Agreement Does Not Violate Public Policy*

Third-Party Defendants' public policy arguments are misplaced. North Carolina law strongly favors freedom of contract and enforces agreements that allocate risk between private

5

parties. *Great Am. Ins. Co. v. C. G. Tate Const. Co.,* 303 N.C. 387, 391, 279 S.E.2d 769, 772 (1981); *see also Gibbs v. Carolina Power & Light Co.,* 265 N.C. 459, 467, 144 S.E.2d 393, 400 (1965)(holding that when the language of a contract and the intent of the parties are clearly exculpatory, the contract will be upheld). North Carolina courts have repeatedly held that public policy is not violated by an indemnity contract that provides for the indemnification of a party against the consequences of a party's own negligence. *Cooper v. H.B. Owsley & Son, Inc.,* 43 N.C. App. 261, 267, 258 S.E.2d 842, 846 (1979)(holding general contractor was required to indemnify crane owner for crane owner's own negligence pursuant to indemnification provision in contract); *see also Beachboard v. S. Ry. Co.,* 16 N.C.App. 671, 679, 193 S.E.2d 577, 582–83 (1972)(holding language of indemnity provision in contract obligated paper company to indemnify railroad where both railroad and paper company were found to have been negligent), cert. denied, 283 N.C. 106, 194 S.E.2d 633 (1973).

The Indemnification Agreement at issue does not attempt to absolve Trails of criminal or intentional misconduct; rather, it provides a mechanism for indemnification where claims arise "out of or in connection with" the student's participation, including claims based on negligence or other civil allegations. It is well established that it is not contrary to public policy for one party to contract with another to be held harmless from liability to a third party. *Gibbs*, 265 N.C. at 467, 144 S.E.2d at 400. There is nothing unlawful, immoral, or improper about this contractual allocation of risk.

Moreover, Third-Party Defendants mischaracterize the effect of the indemnity clause. The provision does not bar their daughter's claims or restrict reporting of alleged abuse. It merely allows Trails to seek reimbursement if it is held liable for claims that the parents expressly agreed

to cover. Courts routinely uphold such provisions where parties knowingly allocate risk as part of a private service agreement.

Public policy also favors enforcing clearly written contracts. The Court should not substitute its own judgment for that of the parties or rewrite their agreement based on hindsight or emotion. Parents who voluntarily contract with private treatment programs are bound by the terms they accepted. Allowing Third-Party Defendants to avoid their contractual obligations would undermine the reliability of service agreements across the behavioral health industry and invite endless challenges to standard enrollment contracts. North Carolina law presumes that competent adults are bound by the contracts they sign, and generalized allegations of unfairness do not provide a basis to undo those obligations.

C. *The Allegations of Duress and Unequal Bargaining Power are Unsupported.*

Third-Party Defendants argue that they were desperate for help and therefore lacked a meaningful choice. Emotional motivation does not amount to legal duress. Third-Party Defendants' argument asks the Court to consider facts outside of the Third-Party Complaint, which is improper at the 12(b)(6) stage. The Third-Party Complaint alleges that Third-Party Defendants knowingly executed the Enrollment Agreement with the express indemnification and hold harmless provision. Trails did not exploit or deceive them. The fact that they later regretted the decision, after litigation arose, does not invalidate the agreement.

There is also no factual basis for the claim that Trails concealed the indemnity language. The provisions were plainly labeled, written in standard typeface within the Enrollment Agreement, and Third-Party Defendants signed directly beneath an acknowledgment that the parents had read and understood the terms of the agreement. These facts defeat any claim of procedural unconscionability as a matter of law.

## II. TRAILS' COMMON LAW INDEMNITY CLAIM IS PLAUSIBLY PLED

Third-Party Defendants' motion to dismiss Trails' common law indemnity claim fails because it ignores the straightforward factual and legal basis for the claim. Trails has alleged that any liability it may incur to R.B. would arise only by virtue of its relationship to Third-Party Defendants and their actions in enrolling their daughter in the program pursuant to an express enrollment agreement that included indemnity obligations. Trails' allegations that its potential liability is merely derivative of Third-Party Defendants' own decision to enroll R.B. and enter into the Indemnification Agreement are more than sufficient to state a claim for common law indemnity under North Carolina law. At this stage, Trails need not prove the degree of responsibility between the parties; it need only allege a plausible basis that any liability it faces is secondary or vicarious. The Third-Party Complaint easily meets that standard.

### A. Trails Has Adequately Alleged a Basis for Common Law Indemnity

Under North Carolina law, common law indemnity applies where one party's liability is purely derivative, arising solely because of its relationship to another whose conduct directly caused the alleged injury. *See Nationwide Mut. Ins. Co. v. Chantos,* 293 N.C. 431, 442, 238 S.E.2d 597, 605 (1977). Trails' Third-Party Complaint fits squarely within that framework.

Trails alleges that Third-Party Defendants enrolled R.B. in the program and executed the governing enrollment agreement that formed the legal and factual basis for her participation. Trails further alleges that if it is ultimately held liable to R.B., such liability would be vicarious or secondary, stemming from the enrollment decision and the contractual framework created by Third-Party Defendants. These allegations, accepted as true, state a plausible claim that Trails' liability, if any, would not arise from its own independent wrongdoing but from its connection to

8

Case 1:25-cv-00187-MOC-SCR   Document 22   Filed 10/22/25   Page 8 of 15

Third-Party Defendants' enrollment actions and obligations. That is the essence of a common law indemnity claim.

B. *Trails' Alleged Liability Is Derivative and Not Based on Active Wrongdoing*

Third-Party Defendants argue that Trails' conduct amounts to "active negligence" that precludes indemnity, but that argument disregards the allegations of the Third-Party Complaint and asks the Court to resolve factual disputes at the pleading stage. Trails has not conceded, and the pleadings do not establish, that it engaged in any independent or active wrongdoing. To the contrary, Trails alleges that its involvement was limited to accepting R.B. into the program pursuant to the enrollment documentation Third-Party Defendants executed. Any potential liability would arise from that relationship, not from intentional or direct acts of negligence. At the Rule 12(b)(6) stage, the Court must accept those allegations as true. Whether Trails' role is ultimately determined to be active or passive is a factual issue for later resolution, not a basis for dismissal.

C. *North Carolina Law Recognizes Common Law Indemnity in Derivative Relationships*

North Carolina courts have long recognized that indemnity may arise where the party seeking it faces liability solely because of its legal relationship to another. That includes circumstances where a defendant is exposed to liability due to actions undertaken by another party with whom it stands in a contractual or supervisory relationship.

Here, Trails' potential liability to R.B. flows from the enrollment relationship created by Third-Party Defendants. Trails did not independently initiate that relationship; it arose because Third-Party Defendants executed the enrollment agreement and arranged R.B.'s participation. If Trails is found liable based on that relationship, it would be appropriate for Third-Party

9

Defendants, who initiated the scope of that relationship, to indemnify Trails for any resulting loss. These facts are sufficient to sustain a claim for equitable indemnity under North Carolina law.

*D. The Motion Improperly Asks the Court to Resolve Factual Issues*

Third-Party Defendants motion invites the Court to make factual determinations about Trails' alleged conduct and level of culpability, which are issues that cannot be resolved at the pleading stage. The Third-Party Complaint asserts a clear factual foundation for indemnity: that Third-Party Defendants enrolled their daughter, executed the governing agreement, and that any resulting liability of Trails would arise from that enrollment relationship. At this stage, those allegations must be accepted as true. *See Est. of Graham v. Lambert,* 385 N.C. 644, 656, 898 S.E.2d 888, 899 (2024)(the pleading stage, a 12(b)(6) motion tests the law of a claim, not the facts which support it). Whether Trails ultimately bears active, passive, or derivative liability is a matter for discovery and factual development.

**III.    TRAILS HAS ADEQUATELY PLED ITS CONTRIBUTION CLAIM**

Third-Party Defendants' motion mischaracterizes both the law and the pleadings. At this stage, Trails Carolina need only allege a plausible basis that (1) it and Third-Party Defendants could be found jointly liable for some portion of the alleged injury to R.B., and (2) Third-Party Defendants' own conduct contributed to that alleged harm. The Third-Party Complaint meets that standard. Trails alleges that Third-Party Defendants enrolled R.B. in the program, executed the governing enrollment agreement, and that any damages R.B. sustained arose, in part, from that enrollment and related circumstances. Those allegations are sufficient under North Carolina's Uniform Contribution Among Tortfeasors Act ("UCATFA"), N.C. Gen. Stat. § 1B-1 et

10

seq. Third-Party Defendants arguments that Trails has "denied negligence," that Trails owed a "fiduciary duty," and that R.B.'s allegations involve "intentional acts" are neither legally nor procedurally proper bases for dismissal at the pleading stage. Each turns on factual disputes and unsupported characterizations of the pleadings. None forecloses the contribution claim as a matter of law.

*A. Trails Has Adequately Alleged a Right to Contribution Under § 1B-1(A)*

Under North Carolina law, a defendant may seek contribution from any other party who is jointly or severally liable for the same injury. *State Farm Mut. Auto. Ins. Co. v. Holland*, 324 N.C. 466, 470, 380 S.E.2d 100, 102 (1989). To survive dismissal, a third-party plaintiff need only allege (1) potential joint liability to the injured party and (2) that the third-party defendant's conduct contributed to the alleged injury. Trails' Third-Party Complaint does precisely that. It alleges that if Trails is held liable to R.B., such liability would be shared, in whole or in part, by Third-Party Defendants due to their own conduct in enrolling R.B. in the program and entering into the operative agreement. Those allegations are sufficient to plead joint tortfeasor status under § 1B-1(a).

Third-Party Defendants contention that Trails "denied negligence" misstates the law. Rule 8 of the Federal Rules of Civil Procedure expressly permits inconsistent and alternative pleading. *See also Day v. Robbins,* 179 F. Supp. 3d 538, 543 (D. Md. 2016). Trails may deny liability to R.B. while simultaneously asserting that, if any liability is found, Third-Party Defendants' actions contributed to the same alleged harm. *See* Fed. R. Civ. P. 8(d)(2)–(3). Third-Party Defendants cannot defeat the claim by unilaterally asserting that their conduct is "temporally severed" or that the injury is "divisible." Whether R.B.'s alleged injuries are indivisible and whether Trails and

Third-Party Defendants are joint tortfeasors are factual questions, not grounds for dismissal at the pleading stage.

### B. The Fiduciary Duty Exception In § 1B-1(b) Does Not Apply

Third-Party Defendants next argue that contribution is barred under § 1B-1(g) because Trails supposedly "breached its fiduciary duty" to R.B. That argument fails for two independent reasons. First, the existence and scope of any fiduciary duty are factual issues inappropriate for resolution at this stage. North Carolina courts recognize fiduciary relationships only in limited and clearly defined circumstances, such as those involving trustees, attorneys, or guardians, not in every service or contractual relationship. Whether any such relationship existed between Trails and R.B. requires discovery and cannot be presumed from the pleadings. Second, the fiduciary-duty exception applies only to claims "for breaches of trust or fiduciary obligation." § 1B-1(g). Trails' contribution claim is not based on any alleged breach of fiduciary duty. It is a statutory claim for equitable apportionment of liability among joint tortfeasors. Third-Party Defendants attempt to recharacterize R.B.'s allegations to fit this exception misapplies the statute.

Even if R.B. ultimately proves a fiduciary relationship, the exception would apply only to those particular causes of action premised on a fiduciary breach, not to the entirety of Trails' potential liability or to claims sounding in negligence or statutory violation. The statute does not support such a sweeping preclusion.

### C. The Motion Improperly Seeks to Resolve Disputed Facts

Each of Third-Party Defendants' statutory arguments hinges on factual contentions about negligence, intent, fiduciary duties, and the nature of R.B.'s injury that cannot be resolved on the

12

pleadings. At this early stage, the Court's role is limited to determining whether Trails' contribution claim is plausible under Rule 8. It plainly is. Whether the parties are ultimately found to be joint tortfeasors, or whether statutory exceptions apply, are matters for summary judgment or trial after discovery, not for dismissal under Rule 12(b)(6).

## CONCLUSION

For the forgoing reasons, Trails respectfully requests that the Court deny the Third-Party Defendants' Motion to Dismiss in its entirety and permit the case to proceed on the merits.

**This the 22nd day of October, 2025.**

**/s/DAVID L. LEVY**
**David L. Levy**
**NC State Bar No. 34060**
**/s/KRISTY M. D'AMBROSIO**
**Kristy M. D'Ambrosio**
**NC State Bar No. 52817**
**Gardner Skelton**
**3746 N. Davidson Street**
**Charlotte, NC 28205**
**Phone: 704-668-0350**
**Fax: 704-936-0294**
**dlevy@gardnerskelton.com**
**kdambrosio@gardnerskelton.com**
***Attorneys for Defendants Asheville Academy For Girls, LLC, Trails Carolina, LLC, Wilderness Training & Consulting, LLC, Family Help & Wellness, WTC Holdco, LLC, and WTCSL, LLC***

## USE OF ARTIFICAL INTELLIGENCE CERTIFICATION

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources of Westlaw and Lexis, Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at my discretion as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

**This the 22nd day of October, 2025.**

/s/DAVID L. LEVY
**David L. Levy**
**NC State Bar No. 34060**
/s/KRISTY M. D'AMBROSIO
**Kristy M. D'Ambrosio**
**NC State Bar No. 52817**
**Gardner Skelton**
**3746 N. Davidson Street**
**Charlotte, NC 28205**
**Phone: 704-668-0350**
**Fax: 704-936-0294**
dlevy@gardnerskelton.com
kdambrosio@gardnerskelton.com
*Attorneys for Defendants Asheville Academy For Girls, LLC, Trails Carolina, LLC, Wilderness Training & Consulting, LLC, Family Help & Wellness, WTC Holdco, LLC, and WTCSL, LLC*

**CERTIFICATE OF SERVICE**

I certify that the foregoing *Defendants Trails Carolina, LLC's Memorandum of Law in Opposition to Third-Party Defendant's Motion to Dismiss* has on this date been served upon counsel in this matter via this Court's CM/ECF system.

**This the 22nd day of October, 2025.**

**/s/Kristy M. D'Ambrosio**
**David L. Levy (NC State Bar No. 34060)**
**Kristy M. D'Ambrosio (NC State Bar No. 52817)**
**Gardner Skelton, PLLC**
**3746 N. Davidson Street**
**Charlotte, North Carolina 28205**
**Telephone: (704) 335-0350**
**Fax: (704) 936-0294**
**Email: dlevy@gardnerskelton.com**
**kdambrosio@gardnerskelton.com**
*Attorneys for Defendants Asheville Academy For Girls, LLC, Trails Carolina, LLC, Wilderness Training & Consulting, LLC, Family Help & Wellness, WTC Holdco, LLC, and WTCSL, LLC*